## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**DANIEL ALLEN HENECK,**

     **Plaintiff,**

     **v.**                           **CASE NO.  23-3166-JWL**

**BRETT CORBY, et al.,**

     **Defendants.**

### MEMORANDUM AND ORDER
### TO SHOW CAUSE

Plaintiff Daniel Allen Heneck is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  Plaintiff is a state prisoner incarcerated at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas.  He has requested leave to proceed in forma pauperis, and leave is provisionally granted pending receipt of up-to-date financial information.

Plaintiff brings five claims.  Count I alleges violation of his rights under the Eighth Amendment.  Plaintiff alleges that on December 12, 2022, Corrections Officer Corby entered his cell and inflicted a head wound, broken nose, and broken tooth, knocking Plaintiff unconscious.  He asserts that he was "unresisting/restrained" and that Corby used excessive force with malicious intent.  Count II alleges Warden Williams is liable for employing staff (Corby) who violate the

law and constitutional rights.   Count III alleges that Corizon has provided Plaintiff with constitutionally deficient medical care for the disabling curvature of his spine.   Count IV alleges that the exercise equipment at EDCF is defective and caused Plaintiff to suffer amputation of a finger.   Count V alleges that Centurion provided inadequate medical care for a head wound Plaintiff received.

Plaintiff names as defendants Brett Corby, Corrections Officer at EDCF; Centurion, contracted medical provider at EDCF; and Tommy Williams, Warden of EDCF.   Plaintiff seeks $5 million in compensatory damages, as well as payment of medical expenses, proper physician examinations, and early release.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. *Defendant Williams is subject to dismissal.*

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

"[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff names Tommy Williams as a defendant solely on the basis of his supervisory status. He does not allege any personal participation on Williams's part. Williams is subject to dismissal.

### B. *Defendant Corizon is subject to dismissal.*

Plaintiff also names Corizon as a defendant. Corizon is a private corporation that contracts with the state to provide medical care to the prisoners at EDCF. A private party that violates the constitutional rights of another while acting under color of state law is subject to suit under § 1983. However, in the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). Plaintiff must allege an official policy of Corizon that is the "moving force" behind a violation of his constitutional rights. *Monell*, 436 U.S. at 694-95. Plaintiff has failed to allege the requisite causative custom or policy. Corizon is therefore subject to dismissal.

### C. *The Complaint fails to state a claim for excessive force.*

Courts generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause. *Cf. Whitley v. Albers*, 475 U.S. 312, 320-321 (1986); *Sampley v. Ruettgers*, 704 F.2d 491, 494-496 (10th Cir. 1983).[1] Not every isolated battery

---

[1]     In *Sampley*, the Tenth Circuit instructed:

A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard. First, "wanton" requires that the guard have intended to harm the inmate. Second, "unnecessary" requires the force used to have

or injury to an inmate amounts to a federal constitutional violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); *Smith v. Iron County*, 692 F.2d 685 (10th Cir. 1982) (A prison guard's use of force against a prisoner is not always a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 831 (10th Cir. 1984) (While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation.); *see also George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980) ("A single unauthorized assault by a guard does not constitute cruel and unusual punishment."); s*ee DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (holding that prison guard's "simple act of shoving" inmate into a door frame was not an Eighth Amendment violation.); *Suits v. Lynch*, 437 F. Supp. 38, 40 (D. Kan. 1977).  As the United States Supreme Court has explained:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

*Baker v. McCollan*, 443 U.S. 137, 146 (1979).

"[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind."  *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'"

---

been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline.  Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.

*Id.*

*Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley*, 475 U.S. at 320–21).

Plaintiff's claim of excessive force is subject to dismissal because Plaintiff fails to allege sufficient facts in support of this claim.  He offers no description of events leading up to the use of force and no description of the use of force itself.  "Without allegations explaining the context surrounding the use of force, the [Court] [can] not conclude that the use of [force] was excessive under the circumstances."  *Toney v. Harrod*, 372 F. Supp. 3d 1156, 1163 (D. Kan. 2019) (citing *Gargan v. Gabriel*, 509 F. App'x 920 (10th Cir. 2002)).  Unless Plaintiff can allege additional facts, his allegations fail to implicate constitutional concerns.

### D.  The Complaint fails to state a claim based on denial of medical care.

Plaintiff alleges that he has a "significant curve in [his] spine, which places [his] whole body in an unaligned manner" and results in constant pain, nerve pain, and internal complications. Complaint, Doc. 1, at 5.  He asserts that Centurion has "neglected proper exams, denied support and surgery."  *Id.*  He further alleges that Centurion did not provide "adequate medical attention or evaluations after receiving several staples for a head wound."  *Id.* at 6.  In support, Plaintiff states that he was removed from the infirmary less than 24 hours after the injury.

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind."  *Miller*

*v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

As with Plaintiff's excessive force claim, Plaintiff's medical claims are subject to dismissal because he fails to allege sufficient supporting facts. He does not state whether his spine condition has been diagnosed by a doctor as mandating treatment, whether he has requested and/or received any treatment, and what treatment he believes is required. Similarly, with the head wound, Plaintiff fails to allege what medical care he received and how it was constitutionally inadequate.

In neither instance does he sufficiently demonstrate an excessive risk of serious harm that any individual disregarded.

Plaintiff's claims in Counts III and V based on inadequate medical care are subject to dismissal.

### E.   The Complaint fails to state a claim based on defective exercise equipment.

Plaintiff alleges that exercise equipment he used at EDCF was defective or malfunctioned and caused him injury.  He does not further describe the equipment, how it was defective, or how his injury occurred.

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state.  *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (citation and internal quotations omitted).  Prison officials are required to ensure that inmates receive adequate food, clothing, shelter and medical care, for example.  *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).  Likewise, prison officials must take reasonable measures to ensure an inmate's safety while incarcerated.  *Id.*

To state a claim of cruel and unusual punishment based on the conditions of confinement, the plaintiff has to establish that "(1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'"  *Reynolds v. Powell,* 370 F.3d 1028, 1031–1032 (10th Cir. 2004) (quoting *Farmer* at 834).

As previously noted, the deliberate indifference standard includes both an objective and subjective component.  *Martinez* 430 F.3d at 1304.  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of

serious harm." *Farmer*, 511 U.S. at 834; *Martinez*, 430 F.3d at 1304. The objective component is met only if the condition complained of is "sufficiently serious." *Id.* at 832.

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind. *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference "requires both knowledge and disregard of possible risks."). It is not enough to establish that the official should have known of the risk of harm. *Farmer*, 511 U.S. at 837–38; *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

Plaintiff again fails to include sufficient supporting facts to state a claim. However, even if he provides additional factual allegations, he faces a difficult burden to demonstrate an objectively sufficiently serious risk involving exercise equipment:

> Unlike the acute risks posed by exposure to raw sewage, *see Shannon* at 1168, or inordinate levels of environmental tobacco smoke, *Helling,* 509 U.S. at 35, the risk of being hurt if a part fails on an exercise machine an inmate is voluntarily using is one that "today's society chooses to tolerate," *see Helling,* 509 U.S. at 35. [In fact], it is the type of risk many encounter voluntarily when they play sports in less-than-perfect playing conditions or attend an athletic club. *Cf. McNeil v. Lane,* 16 F.3d 123, 125 (7th Cir. 1993) (affirming dismissal of Eighth Amendment claim premised on inmate's exposure to asbestos-covered pipes outside his cell because "asbestos abounds in many public buildings" and exposure to it in moderate levels "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual").

*Fitzgerald v. Corr. Corp. of Am.*, No. 08-CV-01189-CMA-KMT, 2009 WL 524939, at *4 (D. Colo. Feb. 24, 2009).

Plaintiff's claim in Count IV is subject to dismissal.

### *F.  Requested relief is not available under § 1983.*

Plaintiff seeks relief partially in the form of early release.  A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

### *G.  Motion to Appoint Counsel*

Plaintiff has filed a Motion to Appoint Counsel (Doc. 4), arguing that he has been unable to obtain counsel.  The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court

concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2]  Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is provisionally **granted** pending receipt of supporting financial information.

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (23-3166-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 8, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 8, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied** without prejudice.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 8, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
