IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL ALLEN HENECK,**

  **Plaintiff,**

  v.              **CASE NO. 23-3166-JWL**

**BRETT CORBY, et al.,**

  **Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se action under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, Doc. 6) ("MOSC"). Before the Court for initial screening is Plaintiff's Amended Complaint (Doc. 7). Plaintiff also filed several responses to the MOSC, which the Court has reviewed, and two motions.

**I. Nature of the Matter before the Court**

Plaintiff is a state prisoner incarcerated at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. He was granted leave to proceed in forma pauperis.

The Amended Complaint includes eight counts. Count I is a claim for excessive force and cruel and unusual punishment. Plaintiff alleges that on December 12, 2022, Corrections Officer Corby restrained his arms behind his back then entered his cell on the segregation unit to provide him with bedding. According to Plaintiff, Corby "for some reason unexpectedly" hit him and slammed him to the ground, knocking Plaintiff unconscious. Plaintiff suffered a head wound, broken nose, and broken tooth, and lost a large amount of blood. He asserts that Corby used excessive force with malicious intent.

Count II alleges that Centurion has provided Plaintiff with constitutionally deficient medical care for the disabling curvature of his spine. Plaintiff states that "pretty much all year [he has] been talking with Corizon about [his] chronic back pain." Doc. 7, at 6. He claims that they have taken x-rays but denied him "support."

Count III alleges that Tommy Williams, Warden of EDCF, allowed Corby to use excessive force and allowed Plaintiff to receive a disciplinary report for the incident. Plaintiff claims this was cruel and unusual punishment.

Counts IV, V, VI, VII, and VIII are based on another use of force incident that occurred in 2021 while Plaintiff was at the Shawnee County Detention Center ("SCDC"). Plaintiff alleges that Corrections Officers Salzano and May used unnecessary force in responding to a code. Plaintiff suffering a detached retina as a result. His injury was allegedly misdiagnosed by Heidi White.

Plaintiff names as defendants Brett Corby, Corrections Officer at EDCF; Centurion, contracted medical provider at EDCF; Tommy Williams, Warden of EDCF; Thomas Salzano, Corrections Officer at SCDC; Michael May, Corrections Officer at SCDC; Heidi White, medical staff member at SCDC; Corizon, contracted medical provider at SCDC; and Brian Cole, Director of Shawnee County Corrections. Plaintiff seeks $5 million in damages, as well as payment of medical expenses and a restraining order.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

3

1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### A.  *Claims based on events at Shawnee County Detention Center are dismissed.*

Plaintiff states in the Amended Complaint that he filed a lawsuit in state court (Shawnee County District Court, Case No. 2021-CV-000380) against Defendants Salzano, May, White, Cole, and Corizon alleging excessive force and deficient medical treatment of his resulting injury.  His state court case makes the same claims and names the same defendants as Counts IV, V, VI, VII, and VIII of the Amended Complaint here.  Plaintiff states that the case was dismissed on August 22, 2023, and he is filing an appeal and a motion to reconsider.

Plaintiff's attempt to bring the same claims in federal court that he brought in a lawsuit in state court is barred.  Under the *Rooker-Feldman* doctrine, federal district courts have no jurisdiction to consider actions "that amount to appeals of state-court judgments."  *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006)).  "[O]nly the Supreme Court has jurisdiction to hear appeals from final state court judgments."  *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).

Furthermore, Plaintiff's claims about his treatment at the Shawnee County Detention Center are not properly raised in the same lawsuit with his claims about his treatment at EDCF.  Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties and provides, in relevant part:

> (2)  Defendants.  Persons . . . may be joined in one action as defendants if:
>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits

prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Plaintiff's claims involving his treatment at the SCDC involve entirely different defendants and occurrences than his claims about his treatment at EDCF. They are not properly brought in the same lawsuit.

For these reasons, Plaintiff's claims based on events occurring at the SCDC (Counts IV, V, VI, VII, and VIII) are dismissed, and Defendants Salzano, May, White, Cole, and Corizon are dismissed from this action.

### B. *Defendant Williams is dismissed.*

As explained in the MOSC, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff continues to name Tommy Williams as a defendant solely on the basis of his supervisory status. He still does not allege any personal participation on Williams's part. Consequently, Count III is dismissed, and Williams is dismissed from this action.

### C. Defendant Centurion is dismissed.

Plaintiff also continues to name Centurion as a defendant. Centurion is a private corporation that contracts with the state to provide medical care to the prisoners at EDCF. A private party that violates the constitutional rights of another while acting under color of state law is subject to suit under § 1983. However, in the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*

*v. Department of Social Services,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). Plaintiff must allege an official policy of Centurion that is the "moving force" behind a violation of his constitutional rights. *Monell*, 436 U.S. at 694-95. Plaintiff has failed to allege the requisite causative custom or policy. Centurion is therefore dismissed from this action.

### D. *The Amended Complaint fails to state a claim based on denial of medical care.*

In the Complaint, Plaintiff alleged that he has a "significant curve in [his] spine, which places [his] whole body in an unaligned manner" and results in constant pain, nerve pain, and internal complications. Complaint, Doc. 1, at 5. He asserted that Centurion had "neglected proper exams, denied support and surgery." *Id*. He further alleged that Centurion did not provide "adequate medical attention or evaluations after receiving several staples for a head wound." *Id*. at 6. In support, Plaintiff stated that he was removed from the infirmary less than 24 hours after the injury.

The MOSC found that Plaintiff's medical claims were subject to dismissal because he failed to allege sufficient supporting facts. He did not state whether his spine condition has been diagnosed by a doctor as mandating treatment, whether he has requested and/or received any treatment, and what treatment he believes is required. Similarly, with the head wound, Plaintiff failed to allege what medical care he received and how it was constitutionally inadequate.

In the Amended Complaint, Plaintiff's only additions are that the staples were "hasty," there was no follow-up to assure his health was no longer at risk, he had been talking with Centurion pretty much all year about his chronic back pain, and Centurion took x-rays of his spine.

Plaintiff also filed a response directed to his claim of inadequate medical care and documentation showing his requests for treatment and responses to those requests. (Doc. 8, at 51-76). Plaintiff states that he has scoliosis with a 34-degree right curvature of his spine. (Doc. 8, at 51). This causes one leg to be approximately 3 inches longer than the other. He asserts that "a spine specialist is recommended and needed routinely" and "surgery is needed." *Id*. He further states that he needs specialized physical therapy, special shoes, and a brace. *Id*. Plaintiff alleges that he has discussed these issues many times with Centurion personnel,[1] but they have refused to "support" his medical condition. *Id*.

The documentation Plaintiff filed shows that he received a back brace on May 26, 2023, and has been offered heel lifts. A memorandum signed by Sarah Madgwick, LCMFT, Health Services Administrator at EDCF, states that while Plaintiff wants surgery, he "has been provided appropriate and least invasive care for his concerns." *Id*. at 53.

Plaintiff has failed to plausibly allege an Eighth Amendment claim arising from his disagreement with the treatment offered by the medical providers at EDCF. Although Plaintiff believes other treatment is necessary, Defendants' refusal to provide a particular course of treatment sought by the plaintiff does not constitute deliberate indifference. *See Gee v. Pacheco,* 627 F.3d 1178, 1192 (10th Cir. 2010) (Inmate alleged he was not given the medications he desired for his headaches but admitted being given other medication, so his complaint amounted to merely a disagreement with the doctor's medical judgment concerning the most appropriate treatment. However, "[d]isagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."); *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir. 1999) ("A negligent failure to provide adequate care, even on

---

[1] Plaintiff repeatedly mistakenly refers to Corizon rather than Centurion throughout his filings.

constituting medical malpractice, does not give rise to a constitutional violation....Moreover, a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."); *Coppinger v. Townsend,* 398 F.2d 392, 394 (10th Cir. 1968) (Inmate's "right is to medical care – not to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983."); *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). Furthermore, "in assessing the chosen method a treatment, it must be kept in mind that a doctor is required to take only 'reasonable measures to abate' the inmate's medical condition.'" *Wishneski v. Andrade,* 572 F. App'x 563, 569 (10th Cir. 2014) (quoting *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006)).

The Court finds that Plaintiff fails to state a claim upon which relief may be granted in Count II. Therefore, Count II is dismissed.

### E. *The Court needs additional information to complete the screening of Count I.*

The MOSC found that Plaintiff's claim of excessive force was subject to dismissal because Plaintiff failed to allege sufficient facts in support of this claim. The Amended Complaint adds some detail to Plaintiff's allegations. The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC

officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report. Once the Report has been received, the Court can properly screen Plaintiff's claims in Count I under 28 U.S.C. § 1915A.

### F. *Motions*

Also before the Court are two motions filed by Plaintiff. The first is a Motion to Preserve Video Footage and Photographs and Medical Records (Doc. 10). Plaintiff asks the Court to obtain photographs, video footage, and medical records related to his allegation of excessive force in Count I of the Amended Complaint and related to his allegation of defective or unsafe exercise equipment at EDCF.

Plaintiff's motion is denied as moot. The evidence he requests that is related to the excessive force claim must be provided to the Court by the KDOC as part of the *Martinez* Report, and evidence related to the exercise equipment is not relevant because Plaintiff does not include a claim based on the exercise equipment in the Amended Complaint.

Plaintiff's second motion is a Motion to Supplement Response to Memorandum and Order to Show Cause and Amended Complaint (Doc. 15). The motion is unclear but appears to be a request to further amend the complaint by adding defendants. It includes attachments related to the events occurring at the SCDC.

Plaintiff's motion is denied. The Court finds it is also moot because Plaintiff's claims based on the alleged excessive force incident at the SCDC must be dismissed, as explained above.

**IT IS THEREFORE ORDERED BY THE COURT** that Counts II, III, IV, V, VI, VII, and VIII of the Amended Complaint (Doc. 7) are **dismissed**.

**IT IS FURTHER ORDERED** that Defendants Williams, Salzano, May, White, Cole, Centurion, and Corizon are **dismissed** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions (Docs. 10 and 15) are **denied** as moot.

**IT IS FURTHER ORDERED** that:

The KDOC shall submit the *Martinez* Report by **December 29, 2023.** Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint. If the Amended Complaint survives screening, the Court will enter a separate order serving defendants and setting an answer deadline.

(1) KDOC officials are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a

Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(3) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to counsel for the KDOC, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated September 29, 2023, in Kansas City, Kansas.**

                          **S/ John W. Lungstrum**
                          **JOHN W. LUNGSTRUM**
                          **UNITED STATES DISTRICT JUDGE**