IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ALLEN HENECK,

    Plaintiff,

v.                                      CASE NO. 23-3166-DDC-BGS

BRETT CORBY, Corrections Officer,
El Dorado Correctional Facility,

    Defendant.

## SCHEDULING ORDER

This is a civil-rights action filed by an individual who is incarcerated and not represented by a lawyer. Accordingly, Federal Rule of Civil Procedure 26(f), which generally requires parties to confer and propose a discovery plan before the Court enters a scheduling order, does not apply. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f). Additionally, initial disclosures regarding witnesses and documents upon which the parties intend to rely to support their claims and defenses, plaintiff's damage computations, and any insurance coverage defendants might have are not required in this case. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). The Court therefore proceeds to enter the following scheduling order.

The Court orders the parties to comply with the following deadlines and discovery directives:

**IT IS ORDERED** that the parties shall comply with the following deadlines and discovery orders:

1. Any motion seeking dismissal of Plaintiff's claims or judgment as a matter of law on Plaintiff's claims based on an assertion that Plaintiff failed to administratively exhaust his claims shall be brought no later than **October 25, 2024**.

2. All motions to amend the complaint or to add parties shall be served by **September 27, 2024**.

3. Any motion for a protective order to govern the exchange of documents and information in this lawsuit (whether agreed to by both sides or not) shall be submitted to the magistrate judge's chambers by **September 9, 2024**.

   3.1 The party or parties seeking entry of a protective order must submit the proposed protective order (formatted in Microsoft Word) as an attachment to an email sent to ksd_severson_chambers@ksd.uscourts.gov. Plaintiff need not comply with this requirement if he lacks access to email and may inform the Court of this fact in his motion requesting the entry of a protective order.

   3.2 The proposed protective order must follow the District of Kansas preapproved form protective order, available on the Court's website: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.

4. Last day by which discovery requests may be submitted (discovery request cutoff date) is **January 3, 2025**. All discovery must be completed and be served in time to be completed by **February 3, 2025**.

   3.1. No discovery requests may be submitted after this date except by stipulation of the parties or by Court order for good cause shown.

   3.2. Responses to discovery must be filed within the time provided by the rules unless the parties stipulate otherwise.

4. If Defendants desire to take Plaintiff's deposition they may do so by no later than **November 22, 2024**.

  4.1. Leave of Court for the taking of such deposition is granted pursuant to Rule 30(a)(2), Federal Rules of Civil Procedure. The deposition may be taken by telephone at the option of Defendants.

5. Dispositive motion deadline is **April 1, 2025**.

6. Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **December 3, 2024, at 11:00 a.m.** by telephone conference call (888-363-4749; access code 5407703). The Court intends to discuss any remaining discovery that needs to be conducted as well as whether a pretrial order is necessary.

  6.1. If after the status conference, the Court determines that a pretrial order should be entered prior to the filing of dispositive motions, defendants shall submit a jointly prepared pretrial order to the magistrate judge's chambers via email at ksd_severson_chambers@ksd.uscourts.gov by **February 10, 2025**. Thereafter, the Court will enter an order setting a final pretrial conference and may adjust remaining deadlines. If the Court determines at the status conference that a pretrial order is unnecessary in advance of filing dispositive motions, then the Court will set a final pretrial conference after all dispositive motions are decided.

  6.2. Defense counsel is responsible for initiating the drafting of the proposed pretrial order in the form available on the Court's website: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.

  6.3. Defense counsel must submit the parties' proposed pretrial order (formatted in Microsoft Word) as an attachment to an email sent to

ksd_severson_chambers@ksd.uscourts.gov. The proposed pretrial order must not be filed with the Clerk's Office or filed via CM/ECF.

7. If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by Plaintiff by **October 1, 2024**, and by Defendants by **November 18, 2024**.

8. Limits on discovery.

    8.1. Interrogatories: As allowed by Rule 33, no more than 25 interrogatories (including discrete subparts) by each party to any other party.

    8.2. Requests for production of documents: No more than 25 from each party to any other party.

    8.3. Requests for admissions: No more than 25 from each party to any other party.

    8.4. Depositions: Because of the logistical problems involved, self-represented, incarcerated parties may not take depositions without prior court permission.

9. Discovery disputes.

    9.1. The Court will not entertain discovery-related motions, including motions to compel discovery, motions for sanctions, or the like, unless and until there has been compliance with the following procedure: In the event of a dispute over discovery, the parties must confer in good faith or make a reasonable effort to confer in good faith, in person, by telephone or by video conference, if possible, and attempt to resolve the dispute. *See* Federal Rule of Civil Procedure Rule 37(a) and D. Kan. Rule 37.2.

      9.2.    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court or file a motion requesting a discovery conference.

10.    Settlement.

    10.1    Plaintiffs must mail or email a good-faith settlement proposal to Defendants by **September 13, 2024**. Defendants must send via mail a good-faith settlement counterproposal to Plaintiff by **October 7, 2024**. These documents are not to be filed.

    10.2    By **October 28, 2024**, each party must submit a confidential settlement report by mail[1] or e-mail to the undersigned United States Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.* These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.

11.    Trial.

    11.1    The Court will subsequently set this case for trial.

---

[1] Judge Severson's mailing address is: Attn: Judge Severson, 401 N. Market, St., Ste. 403, Wichita, KS 67202.

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated July 24, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge