IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL ALLEN HENECK,            )
                                )
                  Plaintiff,    )
                                )
v.                              )   Case No. 23-3166-DDC-BGS
                                )
BRETT CORBY,                    )
                                )
                  Defendant.    )
_____ )

## MEMORANDUM & ORDER ON MOTIONS

Plaintiff filed the present action on July 11, 2023, with an Amended Complaint filed September 5, 2023, after he was directed to do so by the District Court.  (Docs. 1, 6, 7.)  In his Amended Complaint, Plaintiff brought various claims against multiple Defendants resulting from alleged incidents of excessive force while he was an inmate at the El Dorado Correctional Facility, where he remains incarcerated.  (Doc. 7.)  On September 29, 2023, the District Court entered an Order dismissing Counts II – VIII of Plaintiff's Amended Complaint, leaving only his claim of excessive force against individual Defendant Brett Corby.  (Doc. 18.)

Currently pending before the Court are the following motions filed by the *pro se* Plaintiff: 1) Motion to Request Expert Testimony (Doc. 44), 2) Response to Amended Answer (Doc. 45), and 3) Motion Request to Confirm Courts [sic] Received Full Discovery of Claim (Doc. 46).  Briefing from Defendant will be unnecessary for the Court's determination of the issues presented.  As such, the Court will address each of Plaintiff's motion in turn.

I.   **Motion to Request Expert Testimony (Doc. 44).**

In this motion, Plaintiff requests "expert testimony for the review of video [surveillance] and question narratives from all documented involved correctional officers, who provided and stated they witnessed the incident" at issue in this lawsuit.  (Doc. 44, at 1.)  Plaintiff's motion is **DENIED**

1

**as moot** because the existing Scheduling Order entered in this case (Doc. 43) provides deadlines for the parties to disclose expert testimony in this matter. Plaintiff has the responsibility to locate and retain his own experts as he sees fit. Plaintiff's deadline to designate and serve expert witness disclosures is October 1, 2024, while Defendant's deadline is November 18, 2024. (Doc. 43, at 4.) The Court refers Plaintiff to Fed. R. Civ. P. 26(a)(2) and D. Kan. Rule 26.4, which set forth the rules for expert disclosures.

II.     **Plaintiff's "Oppose Response to Answer of Defendant" (Doc. 45).**

In this filing, the body of which indicates it is a "motion," Plaintiff states that

> video [surveillance] shall represent the whole scenario, shall present I never rushed defendant, where his 'self-defense' claim does not legally excuse his malicious physical intervention. … I would also request to be present in a jury trial in this matter. Request a jury trial.

(Doc. 45, at 1.)

The Court is not entirely clear as to the relief Plaintiff is requesting in this filing. That stated, responses to a defendant's Answer are not permitted. Pursuant to Fed. R. Civ. P. 7, only the following pleadings are allowed: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) **if the court orders one, a reply to an answer**." (Emphasis added.) Defendant's Amended Answer (Doc. 42) does not include a counterclaim against Plaintiff; thus, no responsive pleading to the Answer is automatically permitted. *Id.* Pursuant to Fed. R. Civ. P., a plaintiff is only allowed to respond to an answer when authorized to do so by court order. Fed. R. Civ. P. 7(a)(7); *see also Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008). The Court has been provided no basis to authorize Plaintiff to respond to Defendant's Answer. As such, this motion is **DENIED**.

As to Plaintiff's request "to be present in a jury trial" in this matter, the Court notes that Defendant has demanded a jury trial. (Doc. 42, at 3.) Pursuant to the Scheduling Order (Doc. 43, at

5), the case will subsequently be set for a trial and Plaintiff's presence at any trial will be handled by the District Judge when appropriate.

### III. "Motion Request to Confirm Courts [sic] Received Full Discovery of Claim" (Doc. 46).

The Court, again, is unclear as to the relief *pro se* Plaintiff is seeking in this motion. It would appear that Plaintiff has sent 200+ pages of "discovery" to the Court for filing. (Doc. 46, at 1.) If so, this motion is **DENIED as moot** because parties do not file actual discovery documents, responses, or evidence with the Court unless such documents are used as exhibits in support of a particular motion. Parties should only file notices of service that discovery requests and/or discovery responses have been served to the opposing party. The actual documents produced should not be filed with the Court. D. Kan. Local Rule 26.3 states:

> **(a) Papers Not to Be Filed.** The following papers must be served upon other attorneys or unrepresented parties, but not filed with the clerk:
> (1) disclosures required under Fed. R. Civ. P. 26(a)(1) and (2);
> (2) interrogatories under Fed. R. Civ. P. 33;
> (3) requests for production or inspection under Fed. R. Civ. P. 34;
> (4) requests for admissions under Fed. R. Civ. P. 36; and
> (5) the responses thereto.
> **(b) Certificate of Service.** A party serving such disclosures and discovery must, at the time of service, file with the clerk a certificate of service stating the type of disclosure or discovery or response served, the date and type of service, and the party served.

D. Kan. Rule 26.3 (emphasis in original). Plaintiff is referred to the "*Pro Se* FAQ" (frequently asked questions) section of the District of Kansas website (https://ksd.uscourts.gov/filing-without-attorney/faq) for information regarding how to file documents with the Court.

### IV. Conclusion.

**IT IS THEREFORE ORDERED** that the following motions filed by the *pro se* Plaintiff are **DENIED** as set forth more fully above: 1) Motion to Request Expert Testimony (Doc. 44), 2)

3

Response to Amended Answer (Doc. 45), and 3) Motion Request to Confirm Courts [sic] Received Full Discovery of Claim (Doc. 46).  **IT IS SO ORDERED**.

Dated this 5th day of August, 2024, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. MAGISTRATE JUDGE

4