IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL ALLEN HENECK,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.             ) | Case No. 23-cv-3166 |
| ) | |
| BRETT CORBY, et. al.      ) | |
| ) | |
| Defendants.      ) | |
| ) | |

**DEFENDANT BRETT CORBY'S MOTION TO DISMISS FOR FAILURE
TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendant Brett Corby, by and through his counsel of record, hereby moves this Court for an order dismissing Plaintiff's Amended Complaint pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies. In support of this Motion, Defendant states as follows:

1. Plaintiff Daniel Allen Heneck ("Heneck") filed the present action under 42 U.S.C. § 1983, alleging, among other claims, that Defendant Brett Corby ("Corby") violated his constitutional rights by using excessive force and denying adequate medical attention.

2. The PLRA mandates that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

3. The United States Supreme Court has repeatedly held that exhaustion of available administrative remedies is mandatory under the PLRA, such that unexhausted claims must be dismissed. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

4. § 1997e(a) applies to excessive force claims. For example, in *Simmons v. Stus*, 401 Fed. Appx. 380 (10th Cir. 2010) the Tenth Circuit affirmed a dismissal of a prisoner's excessive force claim on the basis that he had failed to exhaust remedies. Further, the *Simmons* court affirmed dismissal even though the prisoner argued he was "unaware of the jail's grievance procedures." *Id.,* at 381. The court held that ignorance of the grievance process does not excuse compliance with the PLRA's exhaustion requirement. *Id.*

5. In the present case, Plaintiff Heneck has failed to demonstrate that he exhausted the administrative remedies available to him as required under the PLRA. Kansas has adopted a grievance procedure for prisoners in its correctional facilities. The Kansas Court of Appeals has summarized that procedure as follows:

> K.S.A. 75–52,138 required Boyd to follow the grievance procedure established by the KDOC. The KDOC grievance procedure for inmates is set forth in K.A.R. 44–15–101 et seq. An inmate must attempt to obtain an informal resolution of the issue before using the grievance procedure. K.A.R. 44–15–101(b). If this fails, then the inmate may proceed with the three levels of the grievance procedure process found at K.A.R. 44–15–101(d) and K.A.R. 44–15–102. Boyd indicated in his two letters that they were "an informal grievance." He demonstrates no efforts thereafter to commence or to follow the formal grievance process.

*Boyd v. Werholtz*, 41 Kan. App. 2d 15, 17, 203 P.3d 1, 2 (2008).

In the *Boyd* case, the Kansas Court of Appeals affirmed the dismissal of a prisoner's claims where the prisoner failed to exhaust the remedies afforded by the above process.

6. Defendant Corby has asserted in his Amended Answer that Plaintiff did not complete the grievance process available within the correctional facility concerning his claims. Plaintiff

3

has made no allegation that he has complied with that procedure. Thus, plaintiff's claims must be dismissed with prejudice.

WHEREFORE, Defendant Brett Corby respectfully requests that this Court dismiss with prejudice Plaintiff's Amended Complaint for failure to exhaust administrative remedies and grant any further relief the Court deems just and proper.

Dated: October 17, 2024

Submitted by:

/s/ Donald N. Peterson
Donald Peterson, #13805
GRAYBILL & HAZLEWOOD, LLC
218 N. Mosley
Wichita, KS 67202
Telephone: (316) 266-4058
Facsimile: (316) 462-5566
don@graybillhazlewood.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record. Additionally, the foregoing was placed in the U.S. Mail on October 17th, 2024, to:

Daniel A. Heneck, #112732
El Dorado Correctional Facility
El Dorado, KS 67042
Plaintiff, *Pro Se*

/s/ Donald N. Peterson
Donald Peterson, #13805