IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL ALLEN HENECK,**

               **Plaintiff**,

v.

**BRETT CORBY,**

               **Defendant**.

Case No. 23-3166-DDC-BGS

## **MEMORANDUM AND ORDER**

Plaintiff, Daniel Allen Heneck, brings a pro se civil rights action under 42 U.S.C. § 1983.[1] His one surviving claim alleges defendant Brett Corby used excessive force against Mr. Heneck during his imprisonment at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas.[2] This case is before the court on plaintiff's Motion to Supplement Claim and Seek Response (Doc. 36). Mr. Heneck's motion has three parts. It informs the court of Mr. Heneck's expected relocation; requests information about service on defendant; and requests the court reconsider joining the present case with a state court case styled *Daniel A. Heneck v. Brian Cole, a.k.a. Shawnee County Department of Corrections*, No. 2021-CV-000380 (Shawnee Cnty.). Responding to part one of Mr. Heneck's motion, the court updated Mr. Heneck's address, as

---

[1] Because Mr. Heneck appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). But the court can't assume the role of his advocate. *Id.*

[2] The court previously screened Mr. Heneck's Amended Complaint (Doc. 7) under 28 U.S.C. § 1915A and dismissed all but one count and one defendant. Doc. 18 at 12. The court also ordered EDCF to file a *Martinez* report, *id.*, and thereafter determined Mr. Heneck's remaining count survived screening. Doc. 31 at 2.

indicated by a docket annotation made on April 29, 2024. This Order responds to the motion's other two parts. *First*, it outlines the docket's record of service on defendant. *Second*, it denies Mr. Heneck's request to join his two cases. The court explains its rulings, below.

For starters, here's a rundown of service effected on defendant. On February 28, 2024, District Judge John W. Lungstrum ordered the Clerk of the Court to notify the Kansas Attorney General and the Kansas Department of Corrections (KDOC) of service. Doc. 32. The Attorney General's office responded, notifying the court that defendant isn't a current KDOC employee and that the Kansas Attorney General won't represent him. Doc. 34. Then, on April 30, 2024, United States Magistrate Judge Brooks G. Severson ordered our court's Clerk to transmit summons and copies of the Complaint to the United States Marshals Service (USMS) for service upon defendant. Doc. 37. Magistrate Judge Severson later extended the deadline to serve defendant, Doc. 38, and a summons issued to the USMS on June 11, 2024. Finally, the docket reflects service on defendant on June 18, 2024. Doc. 48.

Mr. Heneck's motion requesting this information appears to suggest defendant was late in responding to his Complaint. Doc. 36 at 1 ("The defendant has exceeded sixty day processing timeline to provide response."). Mr. Heneck's right, if one limits the analysis to those bare facts. Defendant's original answer deadline, given when USMS completed service, was July 9, 2024. *See* Doc. 40 at 1. And defendant answered the Amended Complaint on July 23, 2024. Doc. 41. But, according to D. Kan. Rule 77.2(a)(2), the Clerk may extend once, for 14 days, the time to answer a complaint without direction by the court. And that's precisely what happened here. The Clerk extended defendant's time to answer until July 23, 2024. Doc. 40 at 1. So, defendant received service and answered within the time allowed. On to the final issue raised by Mr. Heneck's motion: joining this action with his case in state court.

Mr. Heneck asks the court to join this case with his Shawnee County (Kansas) District Court case. Doc. 36 at 1. The court can't grant Mr. Heneck's request because, first, it can't join a state and federal court case. *See Fedynich v. Inn Between of Longmont*, No. 17-CV-01952-WJM-STV, 2018 WL 2065371, at *4 (D. Colo. May 3, 2018) ("Plaintiffs cite to no authority—and this Court is aware of none—that allows for the "joinder" of state and federal cases."); *Goode v. Gaia, Inc.*, No. 20-CV-00742-DDD-KLM, 2022 WL 17429165, at *2 (D. Colo. Dec. 6, 2022) (collecting cases and explaining that courts have "uniformly held that a state court case may not be directly consolidated with a federal court case"), *report and recommendation adopted sub nom. Goode Enter. Sols., Inc. v. Zavodnick*, 2023 WL 3559555 (D. Colo. Feb. 17, 2023); *Aparicio v. Wells Fargo Bank, N.A.*, No. 11-CV-00495, 2011 WL 5325578, at *7 (D. Utah Oct. 17, 2011), ("[T]he state court action is not an action before this court and therefore the court has no authority to consolidate the state court action into this federal action."), *report and recommendation adopted*, 2011 WL 5325523 (D. Utah Nov. 3, 2011). What's more, the state court case plaintiff targets is over. So, Mr. Heneck's request might require this court to sit in review of a state court's decision. And, as explained next, it can't do that either.

Shawnee County District Court Judge Lori D. Doughtery-Bischel dismissed Mr. Heneck's state case on August 22, 2023, after finding Mr. Heneck hadn't exhausted his administrative remedies. *Heneck v. Cole*, No. 2021-CV-000380 (Shawnee Cnty., Kansas). Mr. Heneck filed a Notice of Appeal on September 8, 2023, which the Shawnee County District Court construed as a motion to reconsider and denied it. *Id.* Now, Mr. Heneck seems to want this court to weigh in. But "federal district courts have no jurisdiction to consider suits 'that amount to appeals of state-court judgments.'" *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006)). To be sure,

Mr. Heneck's request for a "Joinder of Claims," Doc. 36 at 1, doesn't ask explicitly that this court hear an appeal from the Shawnee County District Court's ruling.  But, with the state court case dismissed and the motion for reconsideration denied, an appeal is all that's left.  And this court lacks jurisdiction to review a state court judgment on appeal.  *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) ("[O]nly the Supreme Court has jurisdiction to hear appeals from final state court judgments."); *Farris v. Burton*, 686 F. App'x 590, 592 (10th Cir. 2017) (explaining doctrine that bars federal court from "review of the proceedings already conducted by the state tribunal" (quotation cleaned up)).  So, the court denies Mr. Heneck's request to join his state court case to this one.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Daniel A. Heneck's Motion to Supplement Claim and Seek Response (Doc. 36) is granted in part and denied in part.  The court grants plaintiff's requests for an address change and for information about defendant's service and timely response.  The docket reflects plaintiff's new address and this Order provides plaintiff with defendant's service information.  The court denies plaintiff's request to join his state court case to this one.

**IT IS SO ORDERED.**

**Dated this 14th day of January, 2025, at Kansas City, Kansas.**

                                       **s/ Daniel D. Crabtree**
                                       **Daniel D. Crabtree**
                                       **United States District Judge**