IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL ALLEN HENECK,**

                **Plaintiff,**

v.

**BRETT CORBY,**

                **Defendant.**

Case No. 23-3166-DDC-BGS

**MEMORANDUM AND ORDER**

Plaintiff Daniel Allen Heneck, incarcerated in the El Dorado Correctional Facility (EDCF), brings this pro se lawsuit against defendant Brett Corby, a former EDCF corrections officer. Mr. Heneck alleges Mr. Corby violated 42 U.S.C. § 1983. In his Amended Complaint, Mr. Heneck asserts that Mr. Corby—while bringing bedding to his cell—used excessive force to restrain him. Doc. 7 at 6 (Am. Compl. ¶ C.1.A.2). Mr. Heneck contends that this excessive force led to serious injuries. *Id.*

Mr. Corby filed a Motion to Dismiss (Doc. 49) asserting an affirmative defense. Mr. Corby contends Mr. Heneck failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Doc. 49 at 1. Mr. Heneck filed a Response asserting "proper and accurate" exhaustion of administrative remedies. Doc. 50 at 1. Mr. Corby did not reply. The court concludes that Mr. Corby has failed to carry his burden at the motion to dismiss stage and thus denies Mr. Corby's Motion to Dismiss (Doc. 49).

I.     Background

The facts recited below come from Mr. Heneck's Amended Complaint (Doc. 7). The court accepts plaintiff's "well-pleaded facts as true, view[s] them in the light most favorable to [him], and draw[s] all reasonable inferences from the facts" in his favor. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation omitted).

Mr. Heneck is incarcerated at the El Dorado Correctional Facility (EDCF). Doc. 7 at 1 (Am. Compl. ¶ A.1). At the time of the alleged incident, Mr. Corby worked as a corrections officer at EDCF. *Id.* (Am. Compl. ¶ A.2). Mr. Heneck alleges that Mr. Corby violated his civil rights by using excessive force. *Id.* at 6 (Am. Compl. ¶ C.1.A.1).

Mr. Heneck alleges that Mr. Corby "placed [him] in full restraints, then entered [his] cell to provide [him] with bedding[.]" *Id.* at 8 (Am. Compl.). Mr. Heneck alleges that Mr. Corby "hit [him] then slammed [him] on the ground." *Id.* And Mr. Heneck contends these actions constituted "excessive force with malicious intent[.]" *Id.* at 6 (Am. Compl. ¶ C.1.A.2). Mr. Heneck also alleges that Mr. Corby knocked him "unconscious with a head wound" resulting in a "large amount of blood loss." *Id.* at 6 (Am. Compl. ¶ C.1.A.2); *see also id.* at 8 (Am. Compl.).

Finally, Mr. Heneck alleges that he "previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of" in his Amended Complaint. *Id.* at 10 (Am. Compl. ¶ D.1.1). [1] And his Response to the motion cites exhibits and contends they demonstrate how he pursued those administrative remedies. Doc. 50 at 1. The court turns next to the law governing prisoner suits.

---

[1]     Mr. Heneck marked "Yes" in response to the prompt: "I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C." Doc. 7 at 10 (Am. Compl. ¶ D.1.1). But Mr. Heneck's subsequent written explanation appears to describe a separate, unrelated incident instead of the one alleged here.

## II.  Legal Standard

The PLRA governs lawsuits about prison conditions brought under 42 U.S.C. § 1983 by incarcerated persons.  42 U.S.C. § 1997e(a).  The PLRA provides that no "action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *Id.*  "In enacting the PLRA, Congress [mandated] an 'invigorated' exhaustion provision."  *Ross v. Blake*, 578 U.S. 632, 641 (2016) (citation omitted).  Exhaustion "is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The only limit to §1997e(a)'s mandate is the one baked into its text:  An inmate need exhaust only such administrative remedies as are 'available.'"  *Ross*, 578 U.S. at 648 (quoting 42 U.S.C. § 1997e(a)).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Failure "to exhaust is an affirmative defense under the PLRA . . . [;] inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones*, 549 U.S. at 216.  Thus, the "defendant bears the burden of 'proving that the plaintiff did not exhaust his administrative remedies[.]'"  *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (brackets omitted) (quoting *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011)).  Only "once the defendant has carried that burden" does "'the onus fall[] on the plaintiff to show that remedies were unavailable to him.'"  *Id.* (quoting *Tuckel*, 660 F.3d at 1254).

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "Under Rule 12(b), . . . a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a

3

claim." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965); *see also Jiying Wei v. Univ. of Wyo. Coll. of Health Sch. Pharmacy*, 759 F. App'x 735, 740 (10th Cir. 2019) (explaining it's appropriate to resolve affirmative defense on 12(b)(6) motion to dismiss). "A district court may grant a motion to dismiss 'on the basis of an affirmative defense . . . when the law compels that result.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (ellipses in original) (quoting *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1341 (10th Cir. 2015)).

District "courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (citing *Jones*, 549 U.S. at 215–16); *see also Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("[O]n occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."). But "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies[.]" *Terrell*, 478 F.3d at 1225. Such "cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). In "those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* [2]

---

[2] When evaluating a motion to dismiss for failing to state a claim, the court may not look beyond the four corners of the pleadings. If it does so, the court must convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.") The decision to consider matters outside the pleadings is left to the court's "broad discretion." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). Here, the court declines to consider evidence beyond the pleadings and, therefore, declines to convert Mr. Corby's Motion to Dismiss into one seeking summary judgment.

### III.     Analysis

Here, Mr. Heneck's Amended Complaint asserts a cause of action under 42 U.S.C. § 1983, premised on Mr. Corby's alleged use of excessive force.  Doc. 7 at 6 (Am. Compl. ¶ C.1.A.2).  Mr. Corby filed a Rule 12(b)(6) motion, styled as a "Motion to Dismiss for Failure to Exhaust Administrative Remedies," seeking to dismiss Mr. Heneck's claim.  Doc. 49 at 1.  Mr. Corby's motion correctly outlines the relevant statutory provisions and administrative rules that govern Kansas's administrative grievance process for inmate complaints.  Doc. 49 at 2.  Beyond that, however, the motion merely makes conclusory assertions without providing anything to substantiate them.

For instance, Mr. Corby asserts:  "In the present case, Plaintiff Heneck has failed to demonstrate that he exhausted the administrative remedies available to him as required under the PLRA."  *Id.*  He also asserts:  "Plaintiff has made no allegation that he has complied with [the pre-litigation administrative grievance process]."  *Id.* at 2–3.  But it's not Mr. Heneck's responsibility to plead facts alleging that he exhausted his administrative remedies.  Failure to exhaust administrative remedies is an affirmative defense.  Accordingly, Mr. Corby bears the burden of proving that Mr. Heneck has failed to exhaust his available administrative remedies.  *See May*, 929 F.3d at 1234 (explaining defendant bears burden of proving lack of exhaustion).

The Amended Complaint provides Mr. Corby no recourse.  The Amended Complaint—though not required to do so—touches the administrative remedies topic.  It asserts that Mr. Heneck attempted to comply with the required administrative grievance process, indicating he "previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of[.]"  Doc. 7 at 10 (Am. Compl. ¶ D.1.1).  The rest of the Amended Complaint is devoted to describing, in triplicate, the events giving rise to Mr.

Heneck's claim. Nothing in these recitations "admits all the elements of the affirmative defense[.]" *Fernandez*, 883 F.3d at 1299. Far from making it clear that Mr. Heneck failed to exhaust his administrative remedies, the face of the Amended Complaint contends just the opposite. The court thus concludes that this case is not one of those "rare cases [when] a district court [can] conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies[.]" *Terrell*, 478 F.3d at 1225.[3]

## IV.    Conclusion

To recap, failure to exhaust administrative remedies is an affirmative defense and its burden of proof lies with Mr. Corby. Mr. Heneck's Amended Complaint does not admit that affirmative defense. And Mr. Corby otherwise has failed to substantiate his claim that Mr. Heneck failed to exhaust his administrative remedies before filing suit. Thus, the court declines to dismiss Mr. Heneck's claim on that basis and denies Mr. Corby's Motion to Dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Brett Corby's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 49) is denied.

**IT IS SO ORDERED.**

---

[3]    In his Response to Mr. Corby's Motion to Dismiss, Mr. Heneck cites particular parts of the record where he asserts compliance with the specified administrative grievance procedures. *See* Doc. 50 at 1. Mr. Heneck's Response cites "exhibits" numbered 95 through 109, purported to appear in the record. *Id.* He asserts that these exhibits "shall display proper and accurate procedure to exhaust [his] administrative remedies." *Id.* The court—construing Mr. Heneck's filings liberally as befits his pro se status—interprets his reference to "exhibits" 95 through 109 to refer to pages 80–94 of Mr. Heneck's earlier Response, titled "Response To Memorandum and Order To Show Cause" (Doc. 8).

The court doesn't decide the sufficiency of Mr. Heneck's asserted compliance with the administrative grievance process. But the court notes that Mr. Heneck identifies record evidence that demonstrates—he asserts—at least some attempted compliance with the grievance process. Mr. Corby did not address that evidence in his motion. And he did not reply to Mr. Heneck's Response.

**Dated this 29th day of July, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
